IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   09-cv-01379-WDM-KMT

NATURAL MIRACLES, INC., a Colorado Corporation,

     Plaintiff,

v.

TEAM NATIONAL, INC., a Florida Corporation,
ROBERT LOEHR, and
NATURE'S BLEND, a Florida Corporation,

     Defendants.

---

## ORDER ON MOTION TO DISMISS

---

Miller, J.

     This case is before me on the Motion to Dismiss (doc no 8) filed by Defendants Team National, Inc., (formerly National Companies, Inc.) ("National") and Robert Loehr ("Loehr").  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motion will be denied.

<u>Background</u>

     This is a commercial dispute regarding the development of a health drink.  Plaintiff is a developer, manufacturer, inventor, and distributor of natural and herbal based health remedies.  Complaint (doc no 3) ¶ 10.  Its founder and CEO is George K. Zoorob.  *Id.* at ¶ 11.  In February 2008, Mr. Zoorob began discussions with Loehr, National's VP of business development, regarding, among other things, the redevelopment of National's natural health product lines and possible development of new products by Plaintiff for

National.  *Id.* at ¶¶ 16-17.  In May 2008, Loehr requested specific recommendations from Plaintiff regarding National's product line.  *Id.* at ¶ 21.  In connection with this, National and Loehr executed Non-Disclosure Agreements (Exh. 1 and 2), which prohibited disclosure of any formulas, designs, or other confidential information obtained from Plaintiff.  *Id.* at ¶¶ 22-25.

In July 2008, Loehr asked Plaintiff to develop a new line of health juices.  *Id.* at ¶ 28. On July 16, 2008, Plaintiff sent National a sample of a newly developed health beverage formula called "Special Blend."  *Id.* at ¶ 30.  In addition to the sample, Plaintiff provided a detailed report showing the combination of ingredients and the Oxygen Radical Absorbance Capacity, Certificate of Analysis, and information sheets for each ingredient in the blend. *Id.* at ¶ 31.  On July 22, 2008, Plaintiff sent samples of three bottle designs in which Special Blend would be sold, including a recommendation that a specific cobalt blue bottle design be used.  *Id.* at ¶ 34.  On July 28, 2008, Loehr informed Plaintiff that National intended to make an order of Special Blend and other products to exceed two million dollars.  *Id.* at ¶ 36.  Loehr also told Plaintiff to make preparations for the order and that he needed to do some additional "due diligence."  *Id.* at ¶ 37.  In reliance on these representations, Plaintiff ordered 100,000 cobalt blue bottles in order to begin production  of the Special Blend formula.  *Id.* at ¶ 39.

However, on August 15, 2008, Loehr informed Mr. Zoorob that Plaintiff had not been chosen to be the natural health provider for National.  *Id.* at ¶ 40.  Shortly thereafter, National introduced a new product called "TN Taste 4 Life."  *Id.* at ¶ 41.  TN Taste 4 Life is a duplicate of the formula developed in Special Blend with the addition of two ingredients. *Id.* at ¶ 42.  TN Taste 4 Life is sold in the same bottle design as the bottle proposed by

2

Plaintiff for marketing Special Blend.  *Id.* at ¶ 43.  TN Taste 4 Life is manufactured by Defendant Nature's Blend, which had a previous relationship with National.  *Id.* at ¶¶ 44-45.

Plaintiff contends that National disclosed the Special Blend ingredients, formula, and other product information to Nature's Blend, which then changed the product slightly for National to purchase at a lower price and to avoid payment of the cost of development.  *Id.* at ¶¶ 46-49.  Plaintiff asserts the following claims for relief: (1) breach of contract against National; (2) misappropriation of a trade secret against National and Nature's Blend; (3) misappropriation of business value against National and Nature's Blend; (4) unjust enrichment by National and Nature's Blend; and (5) theft of trade secrets by Loehr and National.

<u>Standard of Review</u>

National and Loehr seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*).  Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth.  *Id.* at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief."  *Id.*

<u>Discussion</u>

National and Loehr contend that the complaint should be dismissed because it fails to allege sufficient facts to prove that the drink formula and bottle design are trade secrets. In addition, they argue that Plaintiff has not alleged facts to show the "time or place" where the alleged disclosure to Nature's Blend occurred.  They further contend that since Plaintiff specifically alleges that TN Taste 4 Life has two different ingredients from Special Blend, the drink cannot be a copy of Plaintiff's formula.  Based on this, these Defendants contend that Plaintiff's claims are purely speculative and do not meet the plausibility standard of *Twombly* and *Iqbal.*  Finally, Defendants argue that the cobalt blue bottle design cannot be a trade secret because its features may be easily ascertained and duplicated.

As noted by Plaintiff, only two of Plaintiff's five claims are based on trade secrets and so dismissal of the entire case would not be appropriate even if these claims failed.  In addition, I agree that Plaintiff has alleged an adequate factual basis for its claims.  Plaintiff has alleged that it developed a unique beverage product and took measures, such as using a non-disclosure agreement, to ensure that it would not be disclosed other than to the client for whom it was developed.  Whether the beverage meets all the requirements of a trade

4

secret is a question of law and fact to be determined at a later time; from the non-conclusory facts alleged, however, Plaintiff's assertion that the product is a trade secret is plausible and not speculative.

Similarly, I disagree that Rule 12 requires that the complaint allege every fact that might underlie a claim, such as when and how an unlawful disclosure occurred, particularly when such facts are in the hands of the opposing party.   Plaintiff has alleged that it developed a unique product for National and that National ultimately partnered with another manufacturer to produce a nearly identical product, even using the same packaging as proposed by Plaintiff.   These facts, viewed in the light most favorable to Plaintiff, easily support the inference that National disclosed Plaintiff's formula to Nature's Blend in violation of the non-disclosure agreements and other legal duties.   Defendants make much of the fact that its product contained two additional ingredients.   This might be a significant difference if the item at issue contains only a few ingredients (as with coffee drinks and  the other examples provided by Defendants), but if there are numerous ingredients the addition of two ingredients might not be enough to distinguish the original and the alleged copy. These are the issues that will require discovery and litigation and are not properly resolved at the pleading stage, or through judicial notice as National and Loehr suggest.   Moreover, misappropriation encompasses conduct other than exact duplication.   C.R.S. § 7-74-102(2) ("Misappropriation" means: (a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (b) Disclosure or use of a trade secret of another without express or implied consent by a person who [used or knew of the use of improper means to obtain the trade secret].").

It may be, as Defendants assert, that Plaintiff's claim to the bottle design as a trade

secret is somewhat weak, but since the misappropriation claims do not rest exclusively on this premise dismissal is not appropriate.

Accordingly, it is ordered:

1.      The Motion to Dismiss (doc no 8) is denied.

DATED at Denver, Colorado, on October 1, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge